UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
_____

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation, | **COMPLAINT** |
| Plaintiff, | |
| v. | Civil No.: 14-cv-640-NJR-SCW |
| FAIRVIEW HOSPITALITY, LLC, a Missouri Limited Liability Company, | |
| Defendant. | |

_____

Plaintiff, RAMADA WORLDWIDE INC., by and through its attorneys, Goldberg Segalla LLP, as and for its Complaint against Defendant, FAIRVIEW HOSPITALITY, LLC, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Ramada Worldwide Inc. ("RWI"), is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Parsippany, New Jersey.

2. Defendant, Fairview Hospitality, LLC ("Fairview"), is a corporation organized and existing under the laws of the State of Missouri with a principal place of business in St. Louis, Missouri.

3. Fairview owned and operated a Ramada® guest lodging facility located at 6900 North Illinois Street, Fairview Heights, Illinois 62208 (the "Facility").

4. This Court has personal jurisdiction over Fairview by virtue of, among other things, paragraph 2 of the March 10, 2006 Addendum to the License Agreement Pursuant to the Illinois Franchise Disclosure Act (the "IL Addendum") between Fairview and RWI which

amends section 17.6.3 of the March 10, 2006 License Agreement by and between Fairview and RWI (the "License Agreement"), described in more detail below, so that Fairview has consented that "...all litigation by or between [Fairview] and [RWI], arising directly or indirectly from the franchise relationship shall be commenced and maintained, at [RWI's] election, in the state courts of Illinois or the United States District Court for Illinois…"

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.00.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Agreements Between the Parties

6. RWI entered into a license agreement dated March 10, 2006 with Fairview (the "License Agreement") for the operation of a 159-room Ramada® guest lodging facility located at 6900 North Illinois Street, Fairview Heights, Illinois, Site No. 00345-60243-03. A true and correct copy of the License Agreement is attached hereto as Exhibit A.

7. Pursuant to section 5 of the License Agreement, Fairview was obligated to operate a Ramada® guest lodging facility for a fifteen-year term.

8. Pursuant to section 7, section 18.3, and Schedule C of the License Agreement, Fairview was required to make certain periodic payments to RWI for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees").

9. Pursuant to section 7.3 of the License Agreement, Fairview agreed that interest is payable "on any past due amount payable to [RWI] under this Agreement at the rate of 1.5% per

month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

10. Pursuant to section 3.8 of the License Agreement, Fairview was required to prepare and submit monthly reports to RWI disclosing, among other things, the amount of gross room revenue earned by Fairview at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees to RWI.

11. Pursuant to section 3.8 of the License Agreement, Fairview agreed to maintain at the Facility accurate financial information, including books, records and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8 and 4.8 of the License Agreement, Fairview agreed to allow RWI to examine, audit, and make copies of the entries in these books, records, and accounts.

12. Pursuant to section 11.2 of the License Agreement, RWI could terminate the License Agreement, with notice to Fairview, if Fairview (a) discontinued operating the Facility as a Ramada® guest lodging establishment or (b) lost possession or the right to possession of the Facility.

13. Pursuant to section 17.4 of the License Agreement, Fairview agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorney's fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement."

Termination

14. On or around May 8, 2011, Fairview unilaterally terminated the Franchise Agreement, effective May 8, 2011, by selling the Facility to a third party without the prior consent of RWI. A true and correct copy of the Deed in Lieu of Foreclosure transferring the

Facility from Fairview to FVH Acquisition, LLC dated May 9, 2011 and recorded by the St. Clair County Recorder of Deeds on May 16, 2011 is attached hereto as Exhibit B.

15. Pursuant to section 13.2 of the License Agreement, Fairview was responsible to pay all amounts owed under the License Agreement, including Recurring Fees, within ten (10) days of the termination of the License Agreement.

## FIRST COUNT
### (Accounting)

16. RWI repeats and makes a part hereof each and every allegation contained in Paragraphs 1 through 16 of the Complaint.

17. Pursuant to sections 3.8 and 4.8 of the License Agreement, Fairview agreed to allow RWI to examine, audit, and make copies of Fairview's financial information, including books, records, and accounts, relating to gross room revenue earned at the Facility.

18. The calculation of monetary amounts sought by RWI in this action is based on the gross room revenue information supplied to RWI by Fairview.

19. The accuracy of this information cannot be confirmed without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Fairview.

## SECOND COUNT
### (Breach of Contract)

20. RWI repeats and makes a part hereof each and every allegation contained in Paragraphs 1 through 19 of the Complaint.

21. Pursuant to section 7, section 18.3, and Schedule C of the License Agreement, Fairview was obligated to remit Recurring Fees to RWI.

22. Despite its obligation to do so, Fairview has failed to remit certain of the Recurring Fees due and owing under the License Agreement in the current amount of $233,042.54.

23. Fairview's failure to remit the agreed Recurring Fees constitutes a breach of the License Agreement and has damaged RWI.

### THIRD COUNT
### (Unjust Enrichment)

24. RWI repeats and makes a part hereof each and every allegation contained in Paragraphs 1 through 23 of the Complaint.

25. At the time of the termination of the License Agreement, Fairview was obligated to pay RWI Recurring Fees.

26. Despite its obligation to do so, Fairview failed to pay certain of the Recurring Fees due and owing under the License Agreement.

27. Fairview's failure to compensate RWI constitutes unjust enrichment and has damaged RWI.

**WHEREFORE,** RWI demands judgment:

    A.    on the First Count ordering that Fairview Hospitality, LLC account to RWI for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility;

    B.    on the Second Count against Fairview Hospitality, LLC for Recurring Fees due and owing under the License Agreement in the current amount of $233,042.54, together with interest, attorneys' fees, and costs;

      C.      on the Third Court against Fairview Hospitality, LLC for Recurring Fees due and owing under the License Agreement in the current amount of $233,042.54, together with interest, attorneys' fees, and costs; and

      D.      for such other, further and different relief as to this Court seems just and proper.

Dated: Buffalo, New York
       June 4, 2014

                              GOLDBERG SEGALLA LLP

                              s/ Joseph M. Hanna
                              Joseph M. Hanna (IL Bar No. 6308424)
                              *Attorneys for Plaintiff*
                              665 Main Street, Suite 400
                              Buffalo, New York 14203
                              Telephone: 716-566-5400
                              jhanna@goldbergsegalla.com